IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES THOMAS BAGLEY                                              PLAINTIFF

     v.                                 Civil No. 08-2009

SHERIFF MIKE ALLEN;
VENA CUPP, Crawford County Detention Center;
TERRY REA; Jail Administrator                                      DEFENDANTS

MEMORANDUM OPINION

     Charles Thomas Bagley (Plaintiff) filed this *pro se* civil rights action under 42 U.S.C. § 1983 on January 31, 2008. (Doc. 1) Defendants filed a Court-ordered Motion for Summary Judgment (Doc. 26), which is now pending before the Court. This case is pending before the undersigned due to the consent of the parties. (Doc. 9). Pursuant to this authority, the Court issues this Memorandum Opinion.

**I. Background**

     Plaintiff's claims stem from the time he was incarcerated in the Crawford County Detention Center. Plaintiff alleges Defendants denied religious freedom, denied a meaningful grievance procedure, denied due process regarding disciplinary rules, denied meaningful medical treatment, denied hot meals and proper caloric intake amounting to cruel and unusual punishment. Plaintiff also alleges his legal mail was opened prior to him receiving it.

     Plaintiff claims he was denied religious freedom because there was no "on duty" jail Chaplin. Plaintiff claims he was denied a meaningful grievance procedure because there is no appeal of grievances and the decision of the person who answers the grievance is the final decision. Plaintiff

also alleges he was denied due process in disciplinary procedures because punishments, such as lock down, were given without any appeal, hearing, or ability to call witnesses. Further, Plaintiff claims he was denied medical care because he did not see a doctor while at the Crawford County Detention Center, only a nurse who was not qualified to adequately respond to his medical needs. As to his claim of denial of adequate meals, Plaintiff states he only received 1200 to 1500 calories a day and only two meals, both of which are cold. Finally, Plaintiff claims that on February 4, 2007 his legal mail was opened outside of his presence.

## II. Discussion

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A. Official Capacity Claims

Plaintiff has sued Defendants in their official and personal capacity. Plaintiff's official capacity claims are tantamount to suing Crawford County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on *respondeat superior*, *id.* at 691, "[a] supervisor is not

vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91. The Eighth Circuit has upheld the grant of summary judgment because a plaintiff failed to plead that the defendant "had a policy or custom of false arrests or malicious prosecution." *Sanders v. Sears, Roebuck & Co.*, 984 F.3d 972, 976 (8th Cir. 1993).

Plaintiff states the policy of no appeal process for grievances and no hearing or ability to call witnesses for disciplinary procedures is unconstitutional. Defendants state there is a detailed policy for privilege deprivations, which is utilized by the detention staff. The policy provided allows for hearings before or after, in the case of an emergency, discipline is imposed. According to the policy, the discipline is both initiated and reviewed by the shift supervisor. There is no provision in the policy for an appeal or for witnesses. Additionally, it allows for an incident report to be made, but although the Defendants state Plaintiff's cell was in lockdown status, there is no incident report provided. Defendants indicate that when the inmate who was the source of the problem left the Crawford County Detention Center, the lockdown status was lifted.

The Court finds Plaintiff's due process rights are not infringed by the lack of internal appeal of any grievance or prison discipline. *Sands v. Wainwright*, 357 F. Supp. 1062 (M.D. Fla. 1973), decision vacated on other grounds, 491 F.2d 417 (5th Cir. 1973). *See also*, *Garfield v. Davis*, 566 F. Supp. 1069 (E.D. Pa. 1983) (administrative review of disciplinary hearing not constitutionally required); *Lowe v. Sockey*, 36 Fed. Appx. 353 (10th Cir. 2002) (state prisoner's allegations that

prison officials lost his appeal of prison discipline hearing in which he was adjudged guilty of committing a battery during altercation with prison guards failed to state a due process violation claim as would support prisoner's § 1983 action against officials, since Fourteenth Amendment does not provide due process right to such an appeal); *Ainsworth v. Terhune*, 2002 WL 1837806 (N.D. Cal. 2002) (there is no constitutional right to a prison administrative appeal or grievance system); *Platt v. Brockenborough*, 476 F. Supp. 2d 467 (E.D. Pa. 2007) (holding that prisoners have no constitutional right to appeal the decision of a disciplinary hearing).

However, the Court finds an issue of fact regarding the ability to have a hearing and call witnesses as part of the disciplinary procedure at the Crawford County Jail.[1] *Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974) (holding inmates have a right to be present, call witness, and present evidence unless to do so would be unduly hazardous to institutional safety or correctional goals). Plaintiff claims he was unable to call witnesses and was given no hearing before being put on "lockdown." Defendants do not mention how or if witnesses are able to be called, but cite to the Privilege Deprivation policy and the Inmate Rules and Regulations, which are also silent as to the calling of witnesses at a hearing. The policy does provide for a hearing either before or after the discipline, depending on if an emergency situation is present. However, the policy also requires an incident report to be written.

While Defendants appear to agree Plaintiff was placed in lockdown status, no incident report before the Court to indicate if a hearing was held. Accordingly, Defendants' Motion for Summary Judgment is granted as to Plaintiff's claims regarding the grievance system and denied as to

---

[1] It is unclear from the record why Plaintiff was placed in lockdown status. Plaintiff appears to indicate it was a disciplinary measure taken against him. Defendants indicate Plaintiff's cell was locked down due to the actions of a different inmate. However, Defendants cite to the deprivation of privilege policy as controlling the situation at issue. Thus, it would appear the Crawford County Detention Center considers a lockdown of the whole cell in the same manner it would consider individual inmate discipline.

Plaintiff's claims of discipline without hearing or the ability to call witnesses.

### B. Individual Capacity Claims

1. Denial of Religious Freedom

Plaintiff claims he was denied religious because there is no "on duty" minister or Chaplin at the Crawford County Detention Center. Additionally, Plaintiff states religious reading material is not allowed. Plaintiff stated he asked several officers to see a clergy member and he was told it was up to the Chaplin. Plaintiff does not appear to have requested a specific Chaplin or a different Chaplin of a separate faith.

The Federal Courts have held an inmate is not entitled to have a clergy person of his choice. *See, e.g., Kikumura v. Hurley*, 242 F.3d 950 (10th Cir. 2001). Additionally, the practice of allowing outside clergy to come into the prison when there is not a Chaplin on staff has been affirmed as an acceptable practice. *See Johnson-Bey v. Lane*, 863 F.2d 1308, 1310 (7th Cir. 1988); *Finney v. Hutto*, 410 F. Supp. 251 (E.D. Ark. 1976), judgment aff'd, 548 F.2d 740 (8th Cir. 1977), and judgment aff'd, 437 U.S. 678 (1978). Accordingly, Plaintiff's claims of denial of religious freedom are due to be dismissed on Summary Judgment.[2]

2. Denial of Medical Treatment

Plaintiff claims he was denied adequate medical treatment because he was never allowed to see a medical doctor while in the Crawford County Detention center. Additionally, he claims the nurse was not qualified for treatment of chronic illnesses. Plaintiff suffered from psoriasis, and

---

[2] However, Plaintiff raises for the first time in his response to the Defendants' Summary Judgment Motion the issue of no religious reading material being allowed. (Doc. 30, ¶ 5). As some of Plaintiff's claims (*see* Part I, official capacity claims, above) will proceed to a bench trial, the Court will consider Plaintiff's claim he was denied any religious reading material at that time, as well. The parties may continue to conduct any appropriate discovery regarding this issue.

arthritis. He claims he had severe scabbing, bleeding, and constant pain due to the lack of adequate medical treatment.

Defendants claim Plaintiff was seen by the jail nurse and provided with medications as needed for his medical complaints. As such, Defendants argue deliberate indifference can not be shown. However, the Court does not find the issue to be whether Plaintiff received medical care, as that proposition is well supported by the record -- but rather the issue is whether the medical care given was inadequate or from unqualified providers.

Although the adequacy of health care is included in the totality of conditions which determine whether inmates have been subjected to cruel and unusual punishment, *see e.g., Rhodes,* 452 U.S. at 342, a separate standard governs whether prison health care, standing alone, is constitutionally adequate. The Supreme Court in *Estelle v. Gamble,* 429 U.S. 97 (1976), concluded that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.* at 104 (quoting *Gregg v. Georgia,* 428 U.S. at 173). In reaching this conclusion the Court explained: "An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." *Id.* 429 U.S. at 103.

"Deliberate indifference to serious medical needs" is established where systematic deficiencies in staffing, facilities, equipment, or procedures effectively deny inmates access to adequate health care. *See Wellman v. Faulkner,* 715 F.2d at 272; *Ramos v. Lamm,* 639 F.2d at 575; *Todaro v. Ward,* 565 F.2d 48, 52 (2d Cir.1977) ("[w]hen systematic deficiencies in staffing, facilities or procedures make unnecessary suffering inevitable, a court will not hesitate to use its injunctive powers"); *Cody v. Hillard*, 599 F. Supp. 1025, 1055 (D.C. S.D. 1984), aff'd on reh'g (804 F.2d 440 (8th Cir. 1986).

As noted above, Plaintiff asserts he suffered pain and physical injury due to nurse who was not qualified to treat his ailments. Defendants have not responded to this claim, other than to agree Plaintiff was seen by a nurse. Thus, a genuine issue of fact exists as to whether the nurse providing treatment to the Plaintiff was qualified to do so, if Plaintiff suffered any harm as a result of the alleged unqualified nurse, and if the nurse was not so qualified, if the defendants were deliberately indifferent of the nurse's lack of qualification. Moreover, there may be a question as to whether the lack of a doctor for the Crawford County Detention Center constitutes inadequate medical staffing. The record does not allow me to adequately consider this issue at the summary judgment stage. Defendants Motion for Summary Judgment is DENIED as to adequate medical care.

   3. Inadequate Meals/Caloric Intake

Plaintiff claims his right to be free from cruel and unusual punishment was violated when he was served cold meals and his caloric intake was only 1200 to 1500 a day. Plaintiff claims the noon meal was only "colored water" and not a "meal." Defendants assert the Crawford County Detention Center provides 2300 calories a day for sedentary detainees (minimum) and 2700 calories a day (minimum) for active detainees, in accordance with the Arkansas Department of Health Rules and Regulations. Defendants further assert Plaintiff has shown no injury from the lack of hot meals. Plaintiff states he now suffers ulcers, and must be on two (2) types of medication for this issue. Additionally, Plaintiff states he has severe joint pain and has lost 15 pounds since his time of incarceration.

Failure to properly prepare and serve nutritionally adequate meals constitutes and Eighth Amendment violation. *See, e.g., Wishon v. Gammon*, 978 F.2d 446 (8th Cir. 1992); *Divers v. Dep't of Corr.,* 921 F.2d 191, 193-94 (8th Cir.1990) (per curiam) (finding inmate's allegation of insufficient amounts of cold unappetizing food prepared from restricted menu and delivered through

unsanitary food slots in cell doors not frivolous; reversing pre-service dismissal to allow inmate chance to show diet insufficient to maintain health); *Rust v. Grammer,* 858 F.2d 411, 414 (8th Cir.1988) (diet without fruits and vegetables might violate Eighth Amendment if it were regular prison diet); *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir.1985) (inmate's allegations of inadequate diet stated Eighth Amendment claim); *cf. Berry v. Brady,* 192 F.3d 504, 508 (5th Cir.1999) (suggesting that to state Eighth Amendment claim inmate must allege "he lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet").

It appears at this stage in the litigation, Plaintiff has raised an issue of fact regarding how many calories he received a day at the Crawford County Detention Center. Additionally, Plaintiff has alleged injury in the loss of weight from 175 to 160 pounds, and further injury in the ulcers he has suffered. Accordingly, Defendants' Motion for Summary Judgment regarding Plaintiffs' claims of an inadequate diet is DENIED.

    4.  Opening of Legal Mail

Plaintiff claims his legal mail was opened outside his presence. The Eighth Circuit has interpreted the Supreme Court's decision in *Wolff v. McDonnell*, 418 U.S. 539,. 575-77 (1974) to stand for the proposition that mail that is legal, privileged mail, can not be opened for inspection outside the inmate's presence. *See Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981) ("Privileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner."). *See also Powells v. Minnehaha County Sheriff Dep't,* 198 F.3d 711, 712 (8th Cir.1999) (allegation that prison officials opened legal mail outside of inmate's presence is sufficient to state a constitutional claim); *Thongvanh v. Thalacker,* 17 F.3d 256, 258-59 (8th Cir.1994) (prison officials' duty to maintain security within prison does not extend to reading inmates' legal mail). However, the claim is

essentially an access to the courts claim, and as such, an inmate who alleges a violation is required to show actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Moreover, one incident of legal mail being tampered with is insufficient to state a claim. *Gardner v. Howard*, 109 F.3d 427 (8th Cir. 1997)(holding that an isolated incident, without any evidence of improper motive or resulting interference with right to counsel or access to the courts, does not give rise to a constitutional violation, quoting *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)).

Here, Plaintiff asserted his legal mail was opened without his presence. Although Plaintiff asserted in one of his supplements to the Complaint (Doc. 6), that "all" of his legal mail was being opened by Defendants, in the Response to the Motion for Summary Judgment (Doc. 30, ¶19), Plaintiff clarified it was only one incident on February 4, 2007 where is legal mail was opened. Defendants have stated it was an inadvertent opening of the mail, which only happened on the one occasion.

As this was only one isolated incident, the breach of opening Plaintiff's legal mail is not of constitutional magnitude. Accordingly, Defendants' Motion for Summary Judgment is due to be GRANTED regarding Plaintiff's claims of denial of access to the courts.

### III. Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (Doc. 26) be **GRANTED** in part and **DENIED** in part. Defendants' Motion for Summary Judgment be GRANTED as to the following claims: denial of due process due to no appeal of grievance system, denial of religious freedom due to no "on-duty" Chaplin, and lack of access to the courts due to the opening of legal mail. Defendants' Motion for Summary Judgment is DENIED as to the following claims: denial of due process for discipline without a hearing or ability to call witnesses; denial of religious freedom due to denial of any religious reading material; denial of adequate medical care

due to unqualified medical staff; and denial of Eighth Amendment rights due to inadequate diet.

Plaintiff's claims not disposed of on Summary Judgment will be set for a bench trial in a subsequent order.

**IT IS SO ORDERED** this **16th day of March 2009.**

/s/ *J. Marschewski*

HON.  JAMES MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE